IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : CRIMINAL NO. 97-203-02 |
| v. | : CIVIL ACTION NO. 08-3612 |
| | : |
| JAMES McINTOSH | : |
| | : |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                          OCTOBER 27, 2008

Presently before the Court is Petitioner, James McIntosh's ("McIntosh"), Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.[1]  For the reasons set forth below, this Motion is denied.

**I.    BACKGROUND**

On June 19, 1997, a federal grand jury for the Eastern District of Pennsylvania returned a seven-count superseding indictment charging McIntosh and five co-defendants with conspiracy and Hobbs Act robbery in violation of 18 U.S.C. § 1951[2], and using and carrying firearms during

---

[1] McIntosh calls his Motion a "Motion to Modify and Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582 (C)(1)(B) Authorizing District Courts to Modify Sentence Via 28 U.S.C. 2255 1-2." However, a reading of the Motion clearly indicates that it is a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

[2]     Section 1951(a) provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).  These charges stem from a gunpoint robbery on September 30, 1996 of two Brooks Armored Car Service guards outside the Amoroso Bakery located at 845 S. 55th Street in Philadelphia, Pennsylvania.  The guards, who had just made a scheduled pick-up, were carrying four bags of money totaling $93,547.85 when they were attacked.  One of the guards, Ramon Valdea, was shot and badly injured during this robbery.

On November 10, 1997, after a two-week trial before the Honorable Marvin Katz, McIntosh was convicted by a jury of Hobbs Act robbery, using and carrying a firearm during a crime of violence, and conspiracy.  On March 27, 1998, Judge Katz sentenced McIntosh to a term of imprisonment of 262 months for the robbery and conspiracy convictions, and a consecutive term of 60 months for the gun charge.  Thus, Judge Katz sentenced McIntosh to a total of 322 months imprisonment.

McIntosh then appealed his conviction.  On May 20, 1999, the Court of Appeals affirmed the conviction, but vacated as to the sentence imposed, and remanded the matter back to the District Court for reconsideration as to whether McIntosh should be classified as a career criminal.  A resentencing hearing was held on July 27, 1999.  Judge Katz determined that McIntosh was a career offender, and resentenced him to the same total sentence of 322 months.  McIntosh appealed this decision to the Court of Appeals, which affirmed the judgment on September 15, 2000.

On June 9, 2003, McIntosh filed his first Motion to Vacate, Set Aside or Correct Sentence pursuant to § 2255.  McIntosh was permitted to file an amended 2255 Motion on May 20, 2004.  On September 15, 2004, Judge Katz denied the Motion "for the reasons set forth in the

Government's memorandum." The Court further denied the request for a certificate of appealability, ruling that McIntosh had failed to comply with the one-year filing deadline, and that there was no basis to toll the deadline in this case (Docket Entry 351).

Over the next several years, McIntosh filed numerous other motions challenging either his conviction or sentence. On January 12, 2007, McIntosh filed a Motion seeking reduction of his sentence pursuant to 18 U.S.C. § 3582 (c)(2), and Sentencing Guideline Amendment 591. On June 21, 2007, McIntosh filed another Motion under § 3582 (c)(2) and Guideline Amendment 461. In addition, on July 9, 2007, McIntosh filed a related Motion to correct clerical errors citing Federal Rule of Criminal Procedure 36. Judge Katz denied all of these Motions. McIntosh appealed the denial of each Motion and each ruling was affirmed by the Court of Appeals. (Docket Entries 444, 448).

This present Motion is McIntosh's second Motion to Vacate, Set Aside, or Correct Sentence under § 2255, which he filed on August 1, 2008. In this Motion, McIntosh asserts that his sentencing counsel was ineffective for failing to investigate and challenge the application of the career offender guidelines since, McIntosh argues, he did not qualify as a career offender.[3]

## II.   STANDARD OF REVIEW

McIntosh is entitled to relief only if his custody or sentence violate federal law or the Constitution. Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

---

[3]This matter was reassigned from the docket of the Honorable James T. Giles to the undersigned on September 17, 2008.

impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (West 2008). A district court is given discretion in determining whether to hold an evidentiary hearing on a habeas petition under Section 2255. See Gov't of the V. I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must first determine whether the Petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. See Gov't of the V.I. v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994). Accordingly, a district court may summarily dismiss a motion brought under Section 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.' " U.S. v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting U.S. v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)); Forte, 865 F.2d at 62.

### III.   DISCUSSION

In this case, the United States contends that McIntosh's Section 2255 Motion must be dismissed as it constitutes a successive petition. (Gov't Resp. to Def's Mot.) Section 2255 allows the filing of a successive petition only in narrow circumstances that are not present here.

Section 2255 provides:
A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain- -

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review

4

by the Supreme Court, that was previously unavailable.

Section 2244, to which Section 2255 refers, requires that a petitioner file a motion in the Court of Appeals seeking leave to file a second or successive petition, and states that "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244 (b)(3)(B), (C).

Here, McIntosh has failed to file the required motion in the Court of Appeals as mandated by the above section. In addition, even if the Court of Appeals had authorized the filing of this successive petition, the petition would still fail since it does not assert newly discovered evidence demonstrating his innocence, or assert the application of a new rule of constitutional law. As noted above, McIntosh appealed both his original sentence and the sentence handed down on remand, and specifically challenged his classification as a career offender. The Third Circuit affirmed Judge Katz's sentence on remand. Moreover, as also noted, McIntosh filed a previous Section 2255 petition, and several other motions seeking modification of his sentence. All were denied both by the District Court, and on appeal. McIntosh cannot attempt to again challenge his sentence based on his status as a career offender by filing a successive Section 2255 application asserting ineffective assistance of counsel. Accordingly, this Motion is dismissed, without prejudice to McIntosh's right to petition the Court of Appeals for leave to file a successive petition.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 97-203-02 |
| v. : | CIVIL ACTION NO. 08-3612 |
| JAMES McINTOSH : | |

**ORDER**

**AND NOW**, this 27th day of October 2008, upon consideration of Petitioner, James McIntosh's, Motion to "Modify and Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582 (C)(1)(B) Authorizing District Courts to Modify Sentence Via 28 U.S.C. 2255 1-2" (Doc. No. 45), and the Response in opposition thereto, it is hereby **ORDERED** that the Motion is **DENIED**.

There is no probable cause to issue a certificate of appealability.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE